UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
MATHEUS ARAUJO DA SILVA,             )
                                    )
       Petitioner,              )
                                    )
   v.                              )   Civil Action No. 25-cv-12672-DJC
                                    )
PAMELA BONDI,                        )
Attorney General of the United States, et al., )
                                    )
       Respondents.             )
                                    )
_____)

**CASPER, C. J.**                                              **October 21, 2025**

**<u>MEMORANDUM AND ORDER</u>**

**I.     INTRODUCTION**

Having reviewed the Petition of Petitioner Matheus Arajuo Da Silva ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, D. 1, Respondents' response to same, D. 11, and Petitioner's reply, D. 14-15, the Court ALLOWS the Petition insofar as it sought a bond hearing/individualized custody redetermination under 8 U.S.C. § 1226(a), which the Court ORDERS within ten (10) days of this Order. Respondents are also ENJOINED from denying Petitioner bond on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2). The Court further ORDERS Respondents to file a status report within fourteen (14) days of this Order stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

## II.     FACTUAL BACKGROUND

Petitioner is a noncitizen who has been living in the United States since April 2, 2021. D. 1 ¶ 10. He was encountered by CBP officers inside the United States and released on his own recognizance on April 2, 2021 after expressing a fear of returning to Brazil. D. 11-1 ¶ 7. On April 12, 2021, Petitioner was released on an order of recognizance. D. 11-1 ¶ 7. In or about September 2022, Petitioner's father, a U.S. citizen, filed a Form I-130, petition for Alien Relative on his behalf and USCIS approved it on or about August 8, 2023. D. 1 ¶ 13; D. 1-4 at 3; D. 11-1 ¶ 8. On August 27, 2025, Petitioner appeared for credible fear interview and, following same, a Notice to Appear ("NTA") for removal proceedings scheduled for September 30, 2025 was issued to Petitioner which noted that "an asylum officer has found that [Petitioner] has demonstrated a credible fear of persecution or torture." D. 15-3 at 9; D. 1 ¶ 12. This NTA charged Petitioner as a person "present in the United States who has not been admitted or paroled" under INA § 212(a)(6)(A)(i) [8 U.S.C. 1182(a)(6)(A)(1) (providing that "[a]n alien present in the United States without being admitted or paroled, . . . , is inadmissible")], D. 15-3 at 9, not as an "arriving alien." Id.; D. 14 at 2. On September 19, 2025, U.S. Immigrations and Customs Enforcement ("ICE") took Petitioner into custody. D. 1 ¶ 11. On October 6, 2025, Petitioner appeared before an immigration judge who denied the motion to terminate the removal proceeding and sustained the charges of removability. D. 11-1 ¶ 10. On October 14, 2025, an immigration judge denied the Petitioner's request for change in status, concluding that he was "statutorily ineligible for IJ custody redetermination." D. 15-3 at 3.

## III.     DISCUSSION

In the Petition, Petitioner challenges his detention in this district and brings this Petition to challenge the legality of that detention and seeks relief from same. D. 1 at 15. Accordingly, this

Court has jurisdiction over the Petition as it concerns relief that Petitioner seeks challenging his continued detention. Kong v. United States, 62 F.4th 608, 614 (1st Cir. 2023) (noting that "we have held that district courts retain jurisdiction over challenges to the legality of detention in the immigration context").

Moreover, this Court agrees with Petitioner that his custody is governed by 8 U.S.C. § 1226(a) (which allows for discretionary determinations of custody before an immigration judge) and not 8 U.S.C. § 1225(b)(2), as Respondents contend (which provides for mandatory detention for "applicants for admission"); see Jennings v. Rodriguez, 583 U.S. 281, 289 (2018) (discussing the distinction). That is reflected in the NTA in which Petitioner has been classified as an alien present in the U.S. who has not been admitted or paroled, and not as an arriving alien. D. 15-3 at 9.

As Respondents acknowledge in their opposition, D. 11 at 10 n.6, "[o]ther sessions of this court, as well as other courts across the country, have determined that 8 U.S.C. § 1226(a), and not 8 U.S.C. § 1225(b)(2), appl[ies] to aliens arrested and detained within the United States, even if such alien meets the definition of an applicant for admission as an alien present in the United States who has not been admitted."

The Court agrees with these courts that the detention of noncitizens such as Petitioner, who are arrested and detained within the United States, is governed by 8 U.S.C. § 1226(a) and that Petitioner is thus entitled to a bond hearing and individualized determination of detention. De Andrade v. Moniz, No. 25-cv-12455-FDS, 2025 WL 2841844, at *6 (D. Mass. Oct. 7, 2025) (noting that the Court "joins the many other courts in this district and across the country that have found that non-citizens who have been conditionally paroled into the United States are entitled to discretionary detention and a bond hearing under §§ 1226(a), not mandatory detention under

1225(b)") and cases cited; Sampiao v. Hyde, No. 25-11981-JEK, 2025 WL 2607924, at *7-8 (D. Mass. Sept. 9, 2025); Doe v. Moniz, No. 25-12094-IT, 2025 WL 2576819, at *4-6 (D. Mass. Sept. 5, 2025); Romero v. Hyde, No. 25-11631-BEM, 2025 WL 2403827, at *11 (D. Mass. Aug. 19, 2025); Gomes v. Hyde, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. Jul. 7, 2025). Specifically, 8 U.S.C. § 1225(b)(2), which provides for mandatory detention (subject to exclusions not applicable here), by its own terms applies only to "applicant[s] for admission" who an "examining immigration officer" has determined are "not clearly and beyond a doubt entitled to be admitted," 8. U.S.C. § 1225(b)(2)(A), and thus "authorizes the Government to detain certain aliens seeking admission into the country," Jennings, 583 U.S. at 289. 8 U.S.C. § 1226(a), by contrast, which creates a discretionary detention framework (again subject to exclusions not applicable here), applies to noncitizens arrested "[o]n a warrant," 8. U.S.C. § 1226(a), and authorizes the government "to detain certain aliens already in the country," Jennings, 583 U.S. at 289. Noncitizens subject to 8 U.S.C. § 1226's discretionary detention framework are entitled to a bond hearing before an immigration judge. Id. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); see Hernandez-Lara v. Lyons, 10 F.4th 19, 26 (1st Cir. 2021). Because Petitioner was already in the country when ICE arrested him, he is subject to 8 U.S.C. § 1226(a)'s discretionary detention framework and entitled to a bond hearing. Here, where the immigration judge declined Petitioner's request for change in custody status (concluding that he was "statutorily ineligible for IJ custody determination," D. 15-3 at 3), Petitioner is entitled to habeas relief consistent with the statute and caselaw cited herein.

## IV. CONCLUSION

For the aforementioned reasons, the Court ALLOWS the Petition insofar as it sought a bond hearing/individualized custody redetermination under 8 U.S.C. § 1226(a), which the Court

ORDERS within ten (10) days of this Order. Respondents are also ENJOINED from denying Petitioner bond on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2). The Court further ORDERS Respondents to file a status report within fourteen (14) days of this Order stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

    **So Ordered.**

/s Denise J. Casper
Chief United States District Judge